IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBIN SEAN DAVIS, #02421476, PETITIONER, | § § § § |
| v. | §  CIVIL CASE NO. 3:23-CV-1165-G-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On May 17, 2023, Petitioner Robin Sean Davis filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[2]

**I. BACKGROUND**

On May 26, 2022, Davis was convicted of unlawful possession of a firearm by a felon (two counts), theft of firearm, theft of property (three counts), and bail jumping/failure to appear and was sentenced to an aggregate term of 25 years' imprisonment. *State v. Davis*, Nos. F50644

---

[1] The petition was initially filed in the Eastern District of Texas and then transferred to this Court. Doc. 1; Doc. 3.

[2] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

& DC-F201800093 (249th Jud. Dist. Ct., Johnson Cnty., Tex., May 26, 2022).³ Davis did not file a direct appeal or a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. However, before he was tried and convicted, Davis unsuccessfully filed a pretrial habeas corpus petition challenging the trial court's failure to try him within the parameters of the Interstate Agreement on Detainers Act (IADA). The trial court dismissed the petition and the court of appeals dismissed the ensuing appeal, finding that pretrial habeas proceedings are not the appropriate avenue for raising an IADA claim. *Ex parte Davis*, No. 07-20-00227-CR, 2020 WL 6576157, at *1 (Tex. App.—Amarillo Nov. 9, 2020, no pet.) (mem op., not designated for publication).

In March 2021, Davis petitioned the court of appeals for a mandamus compelling the trial court to dismiss the indictment, alleging that he was being held in violation of the IADA. The court of appeals, however, found good cause for the continuance of his trial during the COVID-19 pandemic and concluded that he had no clear right to mandamus relief. Thus his petition for writ of mandamus was denied. *In re Davis*, No. 10-21-00074-CR, 2022 WL 1576087, at *5 (Tex. App.—Waco May 18, 2022, no pet.) (mem op., not designated for publication); *see also* Doc. 1-1 at 3-6 (copy of opinion enclosed with § 2254 petition).

In the instant federal habeas petition, Davis asserts: (1) violation of his rights under the IADA, (2) violation of his speedy trial rights, and (3) ineffective of assistance of counsel. Doc. 1 at 6-7. He asks this Court to vacate his convictions, dismiss the state indictments, and release him from confinement. Doc. 1 at 12. But since Davis filed neither a direct appeal nor an Article

---

³ The Johnson County online docket sheets are available at the following link: https://pa.johnsoncountytx.org/PublicAccess/Search.aspx?ID=100 (last accessed May 25, 2023).

11.07 state habeas application, his petition is unexhausted and should be dismissed without prejudice.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

As stated previously, Davis has not satisfied the exhaustion requirement. A review of his § 2254 petition, and a search of the applicable state court online docket sheets confirm that he did not file an appeal or a state habeas application challenging his convictions. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Davis' claims, and they remain unexhausted.[4]

---

[4] The Tenth Court of Appeals and Court of Criminal Appeals docket sheets are available respectively at these links: https://search.txcourts.gov/CaseSearch.aspx?coa=coa10&s=c and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed May 25, 2023).

### III. CONCLUSION

For these reasons, Davis' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[5]

**SO RECOMMENDED** on June 2, 2023.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[5] The one-year statute of limitations for filing habeas corpus petitions in federal court is applicable to this petition and any other petition that may be filed in this court. *See* 28 U.S.C. § 2244(d).